

# THE ATTORNEY GENERAL
# OF TEXAS

October 7, 1986

JIM MATTOX
ATTORNEY GENERAL

Sam A. Nixon, M.D.
Chairman
State Rural Medical Education
   Board
Southwest Tower Building
211 East Seventh Street
Austin, Texas   78701

Opinion No. JM-554

Re: Whether a physician whose
student loan is repaid by service
in a rural county is liable for
federal income taxes on the
amount of the loan discharged

Dear Dr. Nixon:

You have requested our opinion regarding the application of
section 108(f) of the federal Internal Revenue Code, as amended by the
Tax Reform Act of 1984, to the forgiveness of indebtednesses under
section 7 of article 4498c, V.T.C.S. This opinion is limited to the
questions asked.

The Texas statute, article 4498c, establishes the State Rural
Medical Education Board. Sections 6 and 7 of the statute provide in
pertinent part:

> Sec. 6. It shall be the duty of the Board to
> receive and pass upon, allow or disallow all
> applications for loans, grants or scholarships
> made by students who are bona fide citizens and
> residents of the State of Texas and who have a
> desire to become physicians, and who are accept-
> able for enrollment in a qualified medical school.
> The purpose of such loans, grants or scholarships
> shall be to enable such applicants to obtain a
> standard medical education which will qualify them
> to become licensed, practicing physicians and
> surgeons <u>within the State of Texas</u>. . . .

> The said Board shall have authority to grant to
> each applicant deemed by the Board to be qualified
> to receive the same, a loan, grant or scholarship
> for the purpose of acquiring a medical education
> as herein provided for, upon such terms and condi-
> tions to be imposed by the Board as provided for
> in this Act. The Board shall, except in those
> cases which it deems proper, make every effort to

grant loans to applicants rather than grants or scholarships. Before awarding funds, the Board may review candidates for loans, grants or scholarships to determine their intent concerning the location of future practice.

Sec. 7. Applicants who are granted loans, grants or scholarships by the Board shall receive an amount which may defray his or her tuition and other expenses in any reputable, accepted and accredited medical school or medical college or school . . . or a scholarship to any such medical college or school for a term not exceeding four (4) years, same to be paid at such time and in such manner as may be determined by the Board. The loans, grants and scholarships herein provided may be proportioned in any such manner as to pay to the medical school to which any applicant is admitted such funds as are required by that school, and the balance to be paid directly to the applicant; all of which shall be under such terms and conditions as may be provided under rules and regulations of the Board. The said loans, grants, or scholarships shall be based upon the condition that the full amount thereof shall be repaid to the State of Texas in cash in full with ten (10) percent interest from the date of each payment by the State on such loan, grant or scholarship or by satisfaction of other conditions of the Board or this Act. If the applicant practices his profession in a rural area as defined by this Act the Board is authorized and shall credit one-fifth of the loan, grant or scholarship together with interest thereon to the applicant for each year of such practice as certified by the Board. At the end of the second full year of practice in a rural area as provided for herein, the applicant shall be privileged to pay off the balance of the loan, grant or scholarship as the case may be with accrued interest thereon, and upon such payment shall be relieved from further obligation under his contract. Should the applicant default under his contract at any time the full principal and accrued interest plus a penalty of 100 percent of the outstanding balance plus attorney's fees as defined by said contract shall be due and owing to the State. (Emphasis added).

Section 108(f) of the Internal Revenue Code of the United States, as amended in 1984, reads in pertinent part:

> (f)  Student loans.--
>
> (1)  In general.--In the case of an individual, gross income does not include any amount which (but for this subsection) would be includible in gross income by reason of the discharge (in whole or in part) of any student loan if such discharge was pursuant to a provision of such loan under which all or part of the indebtedness of the individual would be discharged <u>if the individual worked for a certain period of time in certain professions for any of a broad class of employers</u>.
>
> (2)  Student Loan.--For purposes of this subsection, the term 'student loan' means any loan to an individual to assist the individual in attending an educational organization described in section 170(b)(1)(A)(ii) made by--
>
> . . . .
>
> (B)  a State, territory, or possession of the United States, or the District of Columbia, or any political subdivision thereof, or. . . . (Emphasis added).

26 U.S.C. §108(f).

The "educational organizations" to which subsection (f)(2) of the federal statute refers means

> an educational organization which normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on.

26 U.S.C. §170(b)(1)(A)(ii).

You ask:

> 1.  Are our doctors excluded from paying taxes on their loans because of the provision [concerning] a broad class of employers?

  2. If our doctors must pay taxes on their loans, is interest to be considered a part of the financial obligation?

  3. If the Tax Reform Act is applicable, is it required that doctors pay taxes on their loans when the loans were given before the Tax Reform Act of 1984 was passed?

  4. If the Tax Reform Act is applicable, is it incumbent upon the Board to explain this to the loan recipient and, if necessary, provide him with the appropriate tax forms to declare such income?

In our opinion, the credits allowed by the State Rural Medical Education Board pursuant to section 7 of article 4498c, do not constitute taxable income under the federal Internal Revenue Code as amended in 1984. The language of section 108(f) thereof plainly excludes from gross income amounts discharged pursuant to a provision of a loan allowing a discharge if the student debtor "worked (1) for a certain period of time (2) in certain professions (3) for any of a broad class of employers." The condition need not be set out in the statute; it is sufficient that it be "pursuant to a provision of such loan."

Sections 6 and 7 of article 4498c, V.T.C.S., empower the board to establish the rules, regulations, and terms upon which loans will be made. Thus, the board could so condition loans as to meet section 108(f) criteria if the language of article 4498c did not already do so. But we think the language of article 4498c, which is to be read into every such loan instrument, see 53 Tex. Jur. 2d Statutes §25, at 45 (1964), is sufficient in itself to satisfy section 108(f) requirements. The federal law does not define the "certain period of time," the "certain professions," or the "broad class of employers" of which it speaks.

Article 4498c, section 6, authorizes loans to residents of the state for the purpose of obtaining a medical education that will qualify them to become licensed, practicing physicians and surgeons "within the State of Texas," and section 7 authorizes credit upon repayment of the loan only for "each year" [satisfying the "certain period of time" requirement] the graduate practices his medical "profession" [satisfying the "certain profession" requirement] in a rural area of Texas [satisfying the "broad class of employers" requirement]. See V.T.C.S. art. 4498c, §20. Physicians and surgeons practicing in rural areas are commonly employed by residents of Texas [the broad class of employers] to serve their medical needs.

In answer to your first question we advise that, in our opinion, physician and surgeon beneficiaries of the article 4498c student loan program may exempt from their gross income -- pursuant to section 108(f) of the federal Internal Revenue Code as revised in 1984 -- any loan amount discharged pursuant to authorized provisions of an article 4498c loan.  Such an authorized provision will require the graduate, in order to receive the credit, to engage in the practice of his profession for one or more years in a rural area serving the medical needs of residents of Texas employing him for that purpose.

Your other questions were predicated upon a different answer to the first question.  We do not reach them.

### S U M M A R Y

Physician and surgeon beneficiaries of article 4498c, V.T.C.S., student loans may exempt from their gross income under the federal Internal Revenue Code as amended in 1984 any loan amount discharged pursuant to an authorized loan provision.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General